IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02311-WDM-MEH

KATHERINE KAUFMAN,

      Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

      Defendant.

---

## ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND PLAINTIFF'S MOTION FOR SANCTIONS

---

      Defendant has filed a Motion for Protective Order [Docket #29] requesting that discovery be stayed pending the resolution of Defendant's Motion to Dismiss.  Plaintiff has responded and has filed a Motion for Sanctions [Docket #34] requesting her attorney's fees for having to respond to Defendant's motion.  Oral argument would not materially assist the Court in adjudicating these motions.  For the reasons stated below, the Court **denies** the Motion for Protective Order and **grants in part** the Motion for Sanctions.

## I.      Facts

      Plaintiff alleges that she was injured as a result of auto accident between her and one of Defendant's insureds.  While receiving treatment for her injuries, Plaintiff received a letter from Defendant stating that it would offer her a lump sum payment to settle any claims for medical expenses and pain and suffering.  During her treatment, she received a number of offers, which she rejected.  Defendant later withdrew all offers and asserted that her injuries were not the result of the accident with Defendant's insured.  Plaintiff filed suit alleging fraudulent breach of contract and

seeking promissory estoppel, and further requested class certification for her claims. Defendant responded by removing the action to federal court and filing a Motion to Dismiss. The premise of Defendant's Motion is that Plaintiff is not a party to the underlying contract of insurance, and therefore, has no standing to assert these claims. Defendant further asserts that Plaintiff never accepted the terms of its settlement letter, to create a contract.

Upon receiving Plaintiff's first set of discovery requests, Defendant filed the instant Motion for a Protective Order to Stay Discovery Pending a Ruling on Defendant's Motion to Dismiss. Defendant argues that Plaintiff, as a third party, cannot institute a direct action against an insurance carrier and should not be allowed to maintain such a lawsuit until receiving a judgment against Defendant's insured. Defendant argues that Plaintiff's particular discovery requests will violate the privacy rights of its other insureds and that, absent a class certification, Plaintiff's class discovery requests are unduly burdensome.

In response, Plaintiff argues that these issues were addressed favorably to her position at the Scheduling Conference held on April 24, 2006, and Defendant failed to appeal or seek reconsideration at that time. Plaintiff contends that to seek the same relief through this Motion warrants sanctions. Plaintiff further argues that Defendant has failed to raise specific objections to discovery requests, but rather, has asserted a general objection to discovery pending the ruling on the Motion to Dismiss. Plaintiff also contends that class discovery is necessary to define the class before one can be certified. Defendant's Reply states that Defendant did not request a stay of discovery at the Scheduling Conference, because to do so would have been premature. Defendant also argues that its Motion is based on the nature and breadth of Plaintiff's discovery requests. Defendant posits that "the issues raised in the Defendant's Motion to Dismiss are sufficiently serious that they should be

resolved before discovery is allowed to commence."  Reply at ¶ 13.

## II.      Discussion

### A.      Defendant's Motion for Protective Order to Stay Discovery

Contrary to Defendant's assertion that this matter has not been previously brought to the attention of the Court, this Court has previously held that discovery would not be stayed pending the resolution of the Defendant's Motion to Dismiss.  At the Scheduling Conference held on April 24, 2006, Defendant's counsel indicated their opposition to conducting discovery prior to the District Judge ruling on Defendant's Motion to Dismiss.  At that time, the Court stated that Defendant has no right to avoid litigation, and that absent a defense of qualified immunity, discovery would proceed.  The Court stated, "I know that you didn't want to come in today because of the pending Motion to Dismiss, but it is Judge Miller's desire that despite that motion, we go ahead and set a schedule." Trans. Sched. Conf., Apr. 24, 2006.

Nonetheless, the Court also provided the parties with an extended discovery period and indicated that they could agree to not begin discovery until later in the discovery period.  In response to Defendant's concerns of prejudice for beginning discovery now when a class could potentially be certified at a later date, this Court concluded: "You can always file motions for protective order on particular issues which you feel would be either particularly onerous or in need of some kind of order. . . . There is no legal entitlement to a stay of discovery in a case like this."  Trans. Sched. Conf., Apr. 24, 2006.

Pursuant to Fed. R. Civ. P 72(a), Defendant has ten business from being served with the Magistrate Judge's order to file objections with the District Judge.  This Court denied any request to stay discovery on April 24, 2006, and Defendant did not appeal this Order.  To seek the same relief

at this juncture is inappropriate, but to deny that this Court has already decided the issue is even more inappropriate. Specifically, in the proposed scheduling order the Defendant (and, as to some, perhaps Plaintiff also) made the following statements (paraphrasing): (1) Defendant should not be required to submit Rule 26 disclosures until the Motion to Dismiss is decided; (2) the parties should have until 60 days after the ruling on the Motion to Dismiss to join parties and amend the pleadings; (3) the parties should have until six months after the ruling on the Motion to Dismiss to complete discovery; (4) the parties should have until seven months after the ruling on the Motion to Dismiss to submit dispositive motions; (5) designation of experts should not occur until six months after a ruling on the Motion to Dismiss; (6) the parties should be permitted to supplement the Scheduling Order after a ruling on the Motion to Dismiss. The Court made clear at that time that the case would proceed on a normal schedule, with discovery due by December 31, 2006 and dispositive motions by January 31, 2007.

Defendant does raise two objections to Plaintiff's specific discovery requests. First, Defendant argues that allowing Plaintiff to access the files of other insureds will violate their rights to privacy. The Court notes, however, that this concern can easily be addressed by the entering of a stipulated protective order and encourages the parties to consider the same.

Second, Defendant argues that class discovery should not be had until a class has been certified. Until then, Defendant argues that this discovery is irrelevant. In this regard, Plaintiff asks (1) to how many people did Defendant send a similar letter in the two years before this lawsuit was filed; (2) of those, how many did Defendant provide compensation; and (3) how many did Defendant advise that it was denying payment. Motion for Protective Order, Exh. A, pp. 3-4.

The scope of evidence that is subject to discovery under the federal rules is broad:

4

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For food cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need no be admissible at the trial of the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1). The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo 2004). Plaintiff alleges that this information is relevant to defining the class before it can obtain certification, and the Court agrees that the information sought is relevant to Plaintiff's claims. Indeed, the discovery requested by Plaintiff might arguably fall within the zone of relevance even absent class allegations, such as to support a bad faith claim or to rebut certain defenses.

Defendant also objects to this discovery on the ground that it is unduly burdensome. Defendant's objection, however, relates to the posture of this case (and the defenses raised in its Motion to Dismiss) rather than any extensive efforts that would be required to respond to Plaintiff's requests. Such general objections, particularly in light of this Court's ruling at the Scheduling Conference, will not prevail. Thus, Defendant's Motion for Protective Order is **denied**.

### B.    Plaintiff's Motion for Sanctions

Pursuant to Rule 37(a)(4), sanctions are permitted only if a party's objections are not "substantially justified." Fed. R. Civ. P. 37(a)(4). In response to Plaintiff's Motion, Defendant provides two justifications for its objections: (1) the discovery was submitted before the Court had ruled on Defendant's Motion to Dismiss; and (2) the discovery was unduly burdensome and not likely

to lead to the discovery of admissible evidence. Response at ¶ 2. Having concluded that Defendant previously raised and the Court ruled on the issue of whether it was appropriate to begin discovery before the parties received a ruling on the Motion to Dismiss, Defendant's arguments in this regard are not substantially justified. In addition, Defendant's arguments concerning the burden of discovery and relevance relate to class discovery in general, rather than specific requests, and are contingent on the pending Motion to Dismiss and the lack of class certification. This second argument, the lack of class certification, is the only new argument raised by Defendant, and it is unsupported by case law.

Thus, the Court concludes that Defendant had no justification for a second opportunity to seek a stay of discovery pending a ruling on the Motion to Dismiss, after having been informed on the record that because a defense of qualified immunity [or subject matter or personal jurisdiction] was not at issue, "[t]here is no legal entitlement to a stay of discovery in a case like this." Trans. Sched. Conf., Apr. 24, 2006. Accordingly, Plaintiff's Motion for Sanctions is **granted in part**.

## III.   Conclusion

For the reasons stated above, it is hereby ORDERED that Defendant's Motion for a Protective Order to Stay Discovery Pending a Ruling on Defendant's Motion to Dismiss [Filed July 31, 2006; Docket #29] is **denied**. Defendant shall provide responses to Plaintiff's discovery requests on or before October 16, 2006. It is further ORDERED that Plaintiff's Motion for Sanctions [Filed August 21, 2006; Docket #34] is **granted in part**. Plaintiff shall have one hour of attorney's fees by filing an affidavit no later than October 9, 2006. Any objection by Defendant to the reasonableness of the fees requested should be filed no later than October 16, 2006.

Dated at Denver, Colorado, this 2nd day of October, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge