IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-02311-WDM-MEH

KATHERINE KAUFMAN,

      Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

      Defendant.

---

## ORDER ON MOTION TO DISMISS

---

Miller, J.

      This matter is before me on the motion to dismiss filed by Defendant American Family Mutual Insurance Company ("American Family") (doc no. 8). Plaintiff opposes the motion. After a review of the complaint and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion will be denied.

<u>Background</u>

      Subject matter jurisdiction is premised on diversity of citizenship. 28 U.S.C. § 1332.

      According to the Amended Complaint, Plaintiff was injured in an automobile accident caused by an insured of American Family. Around September 27, 2004, American Family sent Plaintiff a letter which stated that it would not make direct payment of medical charges as incurred. The letter went on as follows: "After you have concluded treatment, we will offer you a lump sum payment. This is inclusive of medical bills, loss [sic] wages and compensation for pain and suffering. The timing of that settlement is up

to you.  I look forward to being able to help you through a difficult time."  American Family offered several sums in settlement of her claim, which Plaintiff refused, but withdrew all offers around April 2005 on the grounds that Plaintiff's injuries had not been caused by the accident with American Family's insured.  Plaintiff filed this action based on the September 27, 2004 letter, alleging the following claims for relief: (1) fraud; (2) breach of contract; and (3) promissory estoppel.

## Standard of Review

A motion to dismiss is appropriate when it appears beyond doubt that the plaintiff could prove no set of facts entitling it to relief.  The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff.  *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

## Discussion

1.   Contract Claim

American Family first argues that Plaintiff's claims are barred because a third party may not maintain a direct action on a contract of insurance between an insured and the insurer, but rather must first obtain a judgment against the insured.  *See, e.g., Farmers Ins. Exch. v. District Court,* 862 P.2d 944 (Colo. 1993); *All Around Transport, Inc. v. Continental Western Ins. Co.*, 931 P.2d 552 (Colo. App. 1996).  Although this is a correct statement of the law, Plaintiff is apparently seeking to enforce a purported settlement agreement, which is a direct contract with the insurer.  This is distinguishable from the cases cited by American Family and so dismissal is not warranted on this basis.

American Family argues in the alternative that the letter relied upon by Plaintiff is

2

not an enforceable contract because it does not demonstrate a meeting of the minds on all essential elements, an acceptance by Plaintiff, or consideration, and that it is barred by the statute of frauds.

In general, when the existence of a contract is in dispute, and the evidence is conflicting or admits of more than one inference, the issue is one for a jury to decide. *I.M.A., Inc. v. Rocky Mountain Airways, Inc.*, 713 P.2d 882, 887 (Colo. 1986).  I find that the letter at issue lends itself to several interpretations.  One construction is that it is an agreement to try to come to a settlement in the future, which would be unenforceable. *DiFrancesco v. Particle Interconnect Corp.*, 39 P.3d 1243, 1248 (Colo. App. 2001) ("Agreements to agree in the future are generally unenforceable because the court cannot force parties to come to an agreement.")  However, the language in the letter also lends itself to an interpretation that American Family promised to offer a payment that included all of Plaintiff's medical bills, lost wages, and compensation for pain and suffering, which is a determinable amount.  Because the existence of an agreement is an issue of fact in this case, dismissal is not appropriate.

In addition, Plaintiff has pleaded adequate facts to demonstrate that she accepted this offer and that there was consideration for the alleged agreement.  Plaintiff contends that she accepted the offer by performing the requirements set forth in the letter, that is, completing an authorization form and providing various records and information.  I agree. The letter can be construed as an offer for a unilateral contract, i.e., an offer requesting return performance rather than a promise to perform, which is accepted when substantial performance has been rendered.  *Stortroen v. Beneficial Fin. Co. of Colo.*, 736 P.2d 391,

3

399 (Colo. 1987) (citations omitted).   Moreover, Plaintiff has adequately alleged consideration in that she claims that she did not engage an attorney and followed a treatment plan based on her understanding that her costs would be covered.   *Norris v. Phillips*, 626 P.2d 717, 719 (Colo. App. 1980) (generally, forbearance is sufficient consideration).

Finally, I disagree that the claim is barred by the statute of frauds, which precludes enforcement of "every special promise to answer for the debt, default, or miscarriage of another person" unless it is in writing and "subscribed by the party charged therewith." C.R.S. § 38-10-112(1)(b).   Even if the letter were considered to fall within the statute of frauds, it is undisputed that the purported agreement is in writing and contains an electronic signature of a representative of American Family.  Whether or not that individual has authority to bind American Family or the agreement otherwise fails is an issue of fact, which cannot be resolved on a motion to dismiss.

American Family also argues that Plaintiff's promissory estoppel claim fails because any reliance on the purported promise was not reasonable because the amount of her future medical costs were unknown.  I disagree; once Plaintiff had completed treatment, that cost would be ascertainable and, therefore, Plaintiff reasonably could have relied on the alleged promise to cover those costs, as well as other determinable losses.

2.   <u>Fraud Claim</u>

American Family also argues that Plaintiff's fraud claim should be dismissed.   An essential element of a claim of fraud based on a promise to take some act in the future is that the promisor intend at the time of the promise not to perform.  *Nelson v. Gas Research*

4

*Institute,* 121 P.3d 340, 343 (Colo. App. 2005) ("A promise concerning a future act, when coupled with a present intention not to fulfill the promise, can be a misrepresentation which is actionable as fraud.") (citation omitted).  Plaintiff's complaint includes this allegation. However, American Family argues that the evidence indicates that American Family changed its mind about offering a settlement sum after an investigation concluded, which shows that at the time it made the promise it intended to keep it.  American Family asks me to weigh the evidence and construe the facts in favor of American Family, which is the opposite of the standard I must apply on a motion to dismiss.  Plaintiff has adequately pleaded her claim of fraud.

Accordingly, it is ordered:

1.     The motion to dismiss (doc no 8) is denied.

DATED at Denver, Colorado, on February 5, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge