IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02311-WDM-MEH

KATHERINE KAUFMAN,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

_____

**ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**
_____

Before the Court are Plaintiff's Second Motion to Compel [Docket #107] and Plaintiff's Third Motion for Sanctions [Docket #109]. The matters are briefed and have been referred to this Court [Docket ##108, 110]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** in part and **denies** in part the Motion to Compel and **denies** the Motion for Sanctions.

Plaintiff alleges that she was injured as a result of an auto accident between her and one of Defendant's insureds. While receiving treatment for her injuries, Plaintiff received a letter from Defendant stating that it would offer her a lump sum payment to settle any claims for medical expenses and pain and suffering. During her treatment, she received a number of offers, which she rejected. Defendant later withdrew all offers and asserted that her injuries were not the result of the accident with Defendant's insured. Plaintiff filed suit alleging fraudulent breach of contract and seeking promissory estoppel, and further requested class certification for her claims. The instant motions concern Plaintiff's discovery requests regarding drafting the initial letter Plaintiff received from Defendant, as well as any other individuals who may have received the letter.

### A.     Interrogatory Nos. 1–4

Plaintiff's interrogatories address the number of people who received the same letter as Plaintiff. Plaintiff asks how many people received the letter in the two years prior to the filing of this lawsuit, how many of those people received compensation from Defendant, how many were denied payment by Defendant, and how many people were neither paid nor advised they would not be paid.

Defendant, objecting to these requests as unduly burdensome, states that over 7,200 files were opened in Colorado in the two years prior to this lawsuit. Defendant contends that this information is not available by electronic means, and that each file would have to be reviewed by hand to determine if this letter was used and the result. This is due in part to the fact that individual claims adjustors use their own letters and may not have used the letter that was forwarded to managers in Colorado by Steven Rucker. Defendant argues that reviewing all 7,200 files could take between 15 months and 45 months of working time at cost to Defendant of between $126,000 to $432,000, depending on the time and hourly wage necessary to obtain a competent and complete review of the files. Defendant further argues that approximately half of these files have been shipped to Defendant's home office in Wisconsin, which would cost approximately $21,000 to pay a file clerk to pull the files, prepare them for shipping, and ship them back to Colorado. Shipping charges are estimated at $8,800, or $2 per file. Dock. #111-5.

The Court does not agree with Defendant's assertion that the information sought is of minor importance, due to the necessity to define a class if class certification is granted or to establish numerosity. In fact, determining reliance upon such a letter for a breach of contract claim could be partially ascertained by a determination of whether an individual refrained from hiring counsel. Dock. #111, p.113. Even so, the Court does find that the requirements of the scope of discovery placed on

Defendant are unduly burdensome. It is not Defendant's responsibility to investigate Plaintiff's claims for her.

> As a general rule a party in answering interrogatories must furnish information that is available to it and that can be given without undue burden and expense. But a party cannot ordinarily be forced to prepare its opponent's case. Consequently, interrogatories that require a party to make extensive investigations, research or compilation or evaluation of data for the opposing party are in many circumstances improper.

WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE & PROCEDURE, Civil 2d, § 2174.

Nevertheless, Rule 33(d) does allow Defendant to make the documents available for Plaintiff's inspection so that Plaintiff can complete her own investigation. *E.g.*, *Cont'l Ins. Co. v. Chase Manhattan Mortg. Corp.*, 59 Fed. Appx. 830, 838-39 (7th Cir. 2003); *General Cigar Co. v. Cohiba Caribeans' Finest, Inc.*, No. 06-575, 2007 U.S. Dist. LEXIS 24595 *10 (D. Nev. Mar. 30, 2007) (holding that if the request would require investigation or research, "the answering party may comply with the interrogatory by making its business records available for inspection and compilation by the requesting party pursuant to the procedure set forth in Fed. R. Civ. Pro. 33(d)"). Defendant objects to this alternative on the grounds that the files contain highly sensitive and confidential information. The parties agree, however, that the scope of these requests is limited to non-litigation files. Thus, the Court believes that Defendant's concerns can be alleviated by way of a protective order that would cover all files made available in this manner. Although a review of the docket indicates that one has not been entered in this case, the Court requests that the parties submit a motion for a stipulated blanket protective order to cover these documents. *See Cory v. Aztec Steel Bldg., Inc.*, 225 F.R.D. 667, 671 (D. Kan. 2005) (inviting submission of a joint protective order to cover sensitive documents ordered to be produced).

Finally, the Court recognizes the expense associated with shipping older Colorado files from Wisconsin back to Colorado, but "the presumption is that the responding party must bear the expense of complying with the discovery request," unless it establishes that the expense is unduly burdensome. *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 358 (1978). The expense argued by Defendant is not unduly burdensome compared to the benefit received by Plaintiff. *Beach v. City of Olathe*, 203 F.R.D. 489, 494 (D. Kan. 2001); *Bills v. Kennecott Corp.*, 108 F.R.D. 459, 462 (D. Utah 1985) (noting that making records available for inspection, rather than producing them, in itself works as a cost shifting device). Accordingly, Plaintiff's Motion is **granted** to allow Plaintiff access to these files in the District of Colorado for Plaintiff's inspection.

**B.     Interrogatory No. 6 and Request for Production No. 2**

> Please identify each person who participated in the decision to draft and/or send the "form letter" of which Exhbit 1 and 2 are examples, to persons involved in traffic incidents with an insured of yours, and state specifically what role each such person played in your decision to employ such form letter, including but not limited to all persons who drafted, edited, reviewed, approved, disapproved, made suggestions, or otherwise commented on the content and/or use of such letter and/or any draft thereof.

Dock. #107, p.5. Defendant responded to this interrogatory by providing the name of the main author, Sue Paitel, and an email from Steven Rucker, which included the letter, and was sent "to his managers with the suggestion that it be sent to their adjusters as a guide." Dock. #17, p.8. Plaintiff argues that this response is incomplete, because it does not state to which managers it was forwarded or which adjusters decided to use the letter. Plaintiff notes that the response raises more questions than it answers.

While Plaintiff is correct that this response does raise numerous questions, these questions were not contemplated by Plaintiff's interrogatory. Plaintiff's interrogatory is aimed at the authors

of the letter and the decision that the letter should be used. Since, Defendant's response indicates that nothing quite so formal occurred, Plaintiff would be better served to submit follow-up interrogatories more targeted at Defendant's actual practice, rather than seeking sanctions. To this extent, Plaintiff's Motion to Compel is **denied**.

**C.     Motion for Sanctions**

Plaintiff argues that sanctions are appropriate because Defendant's responses were inadequate and misleading and that the objections were not substantially justified. Consistent with the partial denial set forth above, Defendant's objections were justified, although partially overruled. The Court finds that sanctions under Rule 37 are, therefore, inappropriate. Plaintiff's Motion for Sanctions is **denied**.

**D.     Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Second Motion to Compel [Filed March 26, 2007; Docket #107] is **granted in part and denied in part** and Plaintiff's Third Motion for Sanctions [Filed March 29, 2007; Docket #109] is **denied**. Consistent with this order and Fed. R. Civ. P. 33(d), Defendant shall make available for Plaintiff's inspection in the District of Colorado the documents responsive to Plaintiff's Interrogatory Nos. 1–4 within thirty days from the date of this Order.

Dated at Denver, Colorado, this 11th day of May, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge