IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-02311-WDM-MEH

KATHERINE KAUFMAN,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

## ORDER ON PARTIAL MOTION FOR SUMMARY JUDGMENT

Miller, J.

    This matter is before me on the Motion for Summary Judgment filed by Defendant American Family Mutual Insurance Company ("American Family") (doc no. 71).[1]  Plaintiff opposes the motion.  After a review of the briefs and the parties' written arguments, I conclude oral argument is not required.  For the reasons that follow, the motion will be granted with respect to Plaintiff's claim of fraud.

### Background

    The facts in this case are relatively simple and undisputed.  A vehicle insured by American Family and driven by American Family's insured collided with Plaintiff's vehicle on or around September 23, 2004.  Plaintiff reported the claim to American Family and it

---

[1] The Motion for Summary Judgment sought dismissal of all of Plaintiff's claims.  However, after I issued an order on a previously-filed motion to dismiss, American Family withdrew its request for judgment as a matter of law except with respect to Plaintiff's fraud claim.  Accordingly, that is the only issue addressed in this order.

was assigned to Jinalyn Fretheim ("Fretheim), a claims adjustor for American Family. Around September 27, 2004, Fretheim spoke with Plaintiff on the telephone, at which time Plaintiff reported she had some neck pain that she thought was a result of the accident. Following the telephone call, Fretheim sent Plaintiff a letter which stated, "[w]hile your injury claim includes consideration of necessary and reasonable medical care which is solely related to this accident and based on charges that are usual and customary," American Family would not make direct payment of medical charges as incurred. The letter went on as follows: "After you have concluded treatment, we will offer you a lump sum payment. This is inclusive of medical bills, loss [sic] wages and compensation for pain and suffering. The timing of that settlement is up to you. I look forward to being able to help you through a difficult time."

American Family began investigating Plaintiff's property damage and alleged injuries. It offered Plaintiff several sums between November 2004 and March 2005 in settlement of her claim, which Plaintiff refused. However, American Family withdrew all offers around April 2005 and informed Plaintiff it was denying her bodily injury claim on the grounds that Plaintiff had not been injured as a result of the accident with American Family's insured. Plaintiff filed this action based on the September 27, 2004 letter, alleging the following claims for relief: (1) fraud; (2) breach of contract; and (3) promissory estoppel.

## Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A factual issue is genuine if "the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)).  Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Id.*

## Discussion

American Family contends that the undisputed facts demonstrate that Plaintiff's fraud claim fails as a matter of law.  An essential element of a claim of fraud based on a promise to take some act in the future is that the promisor intend at the time of the promise not to perform. *Nelson v. Gas Research Institute,* 121 P.3d 340, 343 (Colo. App. 2005) ("A promise concerning a future act, when coupled with a present intention not to fulfill the promise, can be a misrepresentation which is actionable as fraud.") (citation omitted). American Family argues that Plaintiff can offer no evidence that American Family did not intend in September, 2004, when it sent the letter discussing the bodily injury claim, to offer a lump sum settlement in the future.  It provides evidence from Fretheim indicating that she intended to offer Plaintiff a settlement.  American Family further argues that in fact it did offer several sums to settle the claim, which directly refutes Plaintiff's contention that it did not intend to honor its alleged promise.

In response, Plaintiff argues that questions of intent should not be disposed of on

summary judgment and that American Family has not even demonstrated an absence of evidence on this element of the claim.  Plaintiff also proffers deposition testimony from another claims adjustor who took over handling Plaintiff's claim and ultimately denied it, in which he explains that the letter does not constitute an unconditional promise to pay.

I agree with American Family that Plaintiff has offered no evidence sufficient to create a triable issue of fact as to Defendant's intent at the time of the September 2004 letter.  The letter itself clearly sets forth that any future settlement offer would only be for medical care "solely related" to the accident.  American Family did in fact make several offers but withdrew them when it decided that Plaintiff's alleged injuries were not caused by the accident.  The deposition testimony from the second claims adjustor is consistent with the letter and does not create a genuine issue of fact regarding Fretheim's intent at she wrote the letter.  There is simply no evidence from which a reasonable jury could conclude that American Family, before it had conducted any investigation, did not intend to offer a settlement for bodily injuries related to the accident.

Accordingly, it is ordered:

1. The motion to for summary judgment (doc no. 71), as modified, is granted. Summary judgment shall enter in favor of Defendant on Plaintiff's fraud claim. DATED at Denver, Colorado, on August 17, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge