IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02311-WDM-MEH

KATHERINE KAUFMAN,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

_____

**ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER**
_____

    Before the Court is Defendant's Motion for Protective Order [Docket #209]. The matter has been referred to this Court for resolution [Docket #210]. Plaintiff has not timely filed a response, apparently confessing the motion. For the reasons stated below, the Court **grants** the Motion for Protective Order.

    Plaintiff instituted this action against Defendant for breach of contract and fraud based on a letter Defendant's representative sent to Plaintiff, which Plaintiff alleges constituted a binding promise to pay for Plaintiff's medical expenses. Plaintiff is currently seeking class certification based on the argument that Defendant routinely sent a form letter to those injured by Defendant's insureds, intending the injured to rely on the letter by providing medical release forms, but not intending to pay for the expenses as stated in the letter. After the Court granted Plaintiff's Motion to Compel, which required Defendant to allow Plaintiff access to certain claims files pursuant to a Stipulated Protective Order, Plaintiff's counsel contacted individuals in the various claims files to determine whether they should be added to the class. Counsel for Plaintiff's contact in this regard is now the subject of Defendant's Motion for Sanctions. Plaintiff now seeks to send a letter to various health insurance

providers who paid for medical expenses for these other individuals that Plaintiff alleges should have been paid by Defendant, based on the letter sent to the injured. Of importance at this juncture in the case is the fact that Plaintiff has not yet obtained class certification, and the health insurers are not those of Plaintiff but, rather, those of individuals who may later be added to this case as either class members or class representatives. The purpose of Plaintiff's letter is to inform these health insurance companies of this lawsuit, the potential class action, and the fact that they may have a subrogation interest in any future recovery by these individuals who are not yet participants in this lawsuit.

Defendant filed this instant Motion arguing that such communication is improper because "the purpose of the letter is to solicit assistance from various health insurers in 'investigating' American Family and to solicit these insurers as potential parties to the litigation." Motion at ¶2. Defendant further points out that Plaintiff received all of these claims files subject to a Stipulated Protective Order for use only in this lawsuit. Defendant, therefore, argues that it is improper for Plaintiff to use confidential information gained in this lawsuit to recruit other participants whose claims are not intertwined with Plaintiff's but only may have similar causes of action.

The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Such an order is appropriate in this case. Plaintiff's counsel's attempts to contact health insurance companies obtained from Defendant's files for individuals who are not in this case is, at best, premature. Only if these individuals are in fact added to this lawsuit can any of the health insurance companies have a subrogation interest in this lawsuit. Prior to such a determination, any use of the information received from Defendant to solicit these

companies or to notify them of any allegedly potential cause of action against Defendant is a blatant violation of the Stipulated Protective Order. If these individuals are indeed added to this lawsuit, either through an amendment to the complaint or by becoming members of a duly certified class, it may be proper for these health insurance companies to be contacted using the confidential information obtained in this case. Plaintiff may bring this issue before the Court at such time for the Court to consider the appropriate means of communication.

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion for Protective Order [Filed November 1, 2007; Docket #209] is **granted**. Plaintiff's counsel is prohibited from using confidential information received through the discovery process in this lawsuit to contact health insurance companies who may have a subrogation interest in claims that are not currently part of this lawsuit.

Dated at Denver, Colorado, this 29th day of November, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge