IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02311-WDM-MEH

KATHERINE KAUFMAN,

     Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

     Defendant.

---

## RECOMMENDATION ON PLAINTIFF'S SECOND
## MOTION TO AMEND COMPLAINT

---

     Plaintiff has filed her Second Motion to Amend Complaint [docket #224] requesting leave to add (1) a claim under the Colorado Consumer Protection Act; (2) a claim for negligent misrepresentation; (3) a claim for exemplary damages; (4) six new named plaintiffs/class representatives. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons set forth below, the Court recommends that the District Court **grant in part** and **deny in part** the Second Motion to Amend Complaint.

## I.     Facts

     Plaintiff alleges that she was injured as a result of an auto accident between her and one of Defendant's insureds. While undergoing treatment for her injuries, Plaintiff received a letter from Defendant stating that it would offer her a lump sum payment to settle any claims for medical expenses and pain and suffering. During her treatment, she received a number of offers that she rejected. Defendant later withdrew all offers and asserted that her injuries were not the result of the

accident with Defendant's insured. Plaintiff filed suit alleging fraudulent breach of contract and seeking promissory estoppel, and further requested class certification for her claims. Defendant responded by removing the action to federal court and filing a Motion to Dismiss. District Judge Walker Miller has dismissed Plaintiff's fraud claim. He found that Plaintiff had not produced evidence sufficient to create a triable issue of fact as to the existence of any fraudulent intent by Defendant at the time it sent the original letter promising a lump sum payment at some point in the future. "There is simply no evidence from which a reasonable jury could conclude that American Family, before it had conducted any investigation, did not intend to offer a settlement for bodily injuries related to the accident." Order of August 17, 2007, at 4.

## II.     Legal Standard for Motion to Amend

Pursuant to Fed. R. Civ. P 15(a), the Court is to freely allow amendment of the pleadings "when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). An amendment is futile if it would not survive a motion to dismiss. Dismissal is warranted, and therefore amendment is futile, only if Plaintiff can prove no set of facts in support of his amendment that would entitle him to relief. *E.g., Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003). In this case, the Court is exercising diversity jurisdiction, which requires the Court to follow federal procedural law and state substantive law. *Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency*, 174 F.3d 1115, 1118 (10th Cir. 1999). Thus, the Court may allow the amendment, procedurally under Rule 15(a), if the amendment is not futile under state substantive law.

Pursuant to Rule 20(a), joinder is permissible if there is a "right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). *E.g.*, *Watson v. Blankenship*, 20 F.3d 383, 389 (10th Cir. 1994).

## III. Plaintiff's Proposed Amendments

### A. Colorado Consumer Protection Act/Fraud Claim

The Court believes that this claim is easily denied. First, the Court agrees with the Defendant's argument that Plaintiff's failure to even mention this claim in its Second Motion to Amend is tantamount to a waiver of the claim, or, at least, a tacit acknowledgment that the proposal to add such a claim is not meritorious. Second, however, even if the claim is considered on its merits, Colorado state case law counsels against granting this request in light of Judge Miller's decision.

> A CCPA claim will only lie if the plaintiff can show the defendant knowingly engaged in a deceptive trade practice. David Benjamin Lee, *The Colorado Consumer Protection Act: Panacea or Pandora's Box?,* 70 Denv. U.L.Rev. 141, 154-55 (1992). The CCPA "provides an absolute defense" to a misrepresentation caused by negligence or an honest mistake. *Id.* Liability, therefore, is dependent upon knowledge or intent existing at the time of the advertising conduct and the remediable damage that results from that conduct. The CCPA does not create liability for those who intend to live up to the pronouncements of their advertisements, but are negligent in action despite those intentions.

*Crowe v. Tull*, 126 P.3d 196, 204 (Colo. 2006). Judge Miller's Order precludes this claim, as it would any proposed amendment based on an allegation of fraud.

### B. Negligent Misrepresentation

Defendant relies solely on the futility principle in opposing the proposed amendment adding a claim for negligent misrepresentation. Defendant contends that a claim by a plaintiff against a defendant alleging that the defendant made a negligent misrepresentation to the plaintiff, causing the

plaintiff harm in its business transactions with defendant, fails to state a claim. Defendant's position

has substantial support in case law in this District.

> [N]o less than three cases from the United States District Court for the District of
> Colorado have concluded that Restatement's reference to "business transactions" only
> encompasses transactions between the plaintiff and third parties. *United Int'l
> Holdings, Inc. v. Wharf (Holdings) Ltd.,* 946 F. Supp. 861, 870-71 (D. Colo. 1996);
> *Colorado Nat'l Bank of Denver v. Adventura Assocs., L.P.,* 757 F. Supp. 1167, 1172
> (D. Colo.1991); *Snoey v. Advanced Forming Technology, Inc.,* 844 F. Supp. 1394,
> 1400 (D. Colo.1994).

*Stat-Tech Liquidating Trust v. Fenster*, 981 F. Supp. 1325, 1343 (D. Colo. 1997). However, this

precedent was built in large part on a Colorado jury instruction that has been altered.

> Furthermore, Colorado Jury Instruction 9:3B(3), explicitly states that to find negligent
> misrepresentation a jury must conclude that "[t]he defendant gave the information to
> the plaintiff for the (guidance) (use) of the plaintiff in a business transaction with a
> person other than the defendant." Colo. Jury Instruc. Civ.3d 9:3b.

*Colorado Nat'l ank of Denver v. Adventura Assocs., L.P.*, 757 F. Supp. 1167, 1173 (D. Colo. 1991).

That instruction has been changed and the clause "with a person other than the defendant" has been

eliminated. C.J.I. Civ.4th 9:4(3). Furthermore, the Notes to that instruction explicitly state that a

claim for negligent misrepresentation "can be based on false information that the defendant gave the

plaintiff for use in a business transaction between the plaintiff and the defendant." *Id.* at note 14

(citation omitted). The jury instructions are issued by the Colorado Supreme Court Committee on

Civil Jury Instructions. On this record, the Court cannot state as a matter of law that Plaintiff's

proposed amendment adding a claim of negligent misrepresentation would be futile.

## C.    Exemplary Damages

Pursuant to C.R.S. § 13-21-102(1.5)(a), a claim for exemplary damages cannot be added to

the Complaint unless the plaintiff can establish *"prima facie* proof of a triable issue."  C.R.S. § 13-21-

102(1.5)(a). *See also American Economy Insurance Company v. Schoolcraft*, No. 05-1870, 2007 U.S. Dist. LEXIS 3261 (D. Colo. Jan. 16, 2007). Exemplary or punitive damages are only appropriate if the actions of Defendant's employees were "attended by circumstances of fraud, malice, or willful and wanton conduct." C.R.S. § 13-21-102(1)(a). "Willful and wanton conduct, as relevant here, 'means conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others. . .'." *American Economy Insurance Company*, 2007 U.S. Dist. LEXIS 3261 at *9 (quoting C.R.S. § 13-21-102(1)(b)).

Defendant again relies on the futility principle in opposing any amendment seeking exemplary damages, based on its theory that neither fraud nor negligent misrepresentation are viable theories of recovery. As noted above, a claim for negligent misrepresentation does not appear to be futile under the current state of Colorado case law, which may support a claim for exemplary damages. The Court cannot say as a matter of law that a claim for exemplary damages is futile.

### D.    Addition of New Plaintiffs/Class Representatives

Plaintiff seeks to add as parties persons who received substantially similar letters from the Defendant and who also did not ultimately receive settlements. The Court is troubled that this proposed amendment, which would significantly change the landscape of this case, is requested more than two years after the case was filed, although the Court understands that the information exchange between the parties has been less than seamless. However, the Court also believes that the claims of the proposed plaintiffs are sufficiently non-identical as to require denial of the amendment. Each proposed plaintiff had his or her own distinct dealings with Defendant's representative(s), and each proposed plaintiff's reactions to the Defendant's actions will require separate scrutiny. The Court

views the facts here as more similar to those cases that deny permissive joinder when the proposed plaintiffs are alleging damages arising from breach of contract claims based on the same form contract. *E.g.*, *Franconia Assocs. v. United States*, 61 Fed. Cl. 335, 336-37 & n.1 (2004) (citing cases). Therefore, the proposed addition of plaintiffs should be denied.

## IV.  Conclusion

For the reasons stated above, it is hereby RECOMMENDED that Plaintiff's Second Motion to Amend Complaint [Filed November 20, 2007; Docket #224] be **granted in part** and **denied in part**, as set forth herein. Specifically, the Court recommends that Plaintiff be allowed to amend her Complaint to include a claim for negligent misrepresentation and to seek exemplary damages and that the Motion be denied in all other respects. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1]  The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Dated at Denver, Colorado, this 23rd day of January, 2008.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge