IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-02311-WDM-MEH

KATHERINE KAUFMAN,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

## ORDER ON MOTION TO AMEND PARTIAL SUMMARY JUDGMENT ORDER

Miller, J.

This matter is before me on Plaintiff's Motion to Amend Order Regarding Summary Judgment Re: Fraud Claim (doc no 154). On August 17, 2007, I granted a portion of the Motion for Summary Judgment filed by Defendant American Family Mutual Insurance Company ("American Family") (doc no. 71). In the order, I concluded that Plaintiff had not submitted evidence sufficient to establish the existence of a genuine issue of fact as to American Family's intent at the time it sent a letter regarding future settlement and that Plaintiff's fraud claim should be dismissed with prejudice. Plaintiff asserts that she has new evidence[1] supporting her contention that American Family never intended to offer a settlement as allegedly promised in its letter, which precludes entry of summary judgment

---

[1] Defendant disputes whether the evidence presented is really "new," arguing that Plaintiff had access to the documents at issue months before this motion was filed. Since I will rule in Defendant's favor even if I consider Plaintiff's allegedly new evidence, I will not address the parties' factual dispute in this regard.

on the claim of fraud.  For the reasons set forth below, the motion will be denied.

Background

At issue is the effect of a letter from an American Family claims adjuster Jinalyn Fretheim ("Fretheim) to Plaintiff, which contained the following statements:

> While your injury claim includes consideration of necessary and reasonable medical care which is solely related to this accident and based on charges that are usual and customary, payment is not made until you are ready to settle.
> * * *
> After you have concluded treatment, we will offer you a lump sum payment.  This is inclusive of medical bills, loss [sic] wages and compensation for pain and suffering. The timing of that settlement is up to you.  I look forward to being able to help you through a difficult time.

Exhibit C to Motion for Summary Judgment (doc no 72-4).

In this lawsuit, Plaintiff asserted, *inter alia*, a claim of fraud, alleging that at the time of the promise, American Family did not intend to offer a settlement as described in the letter.  After offering Plaintiff several sums in settlement, American Family withdrew all offers around April 2005 and informed Plaintiff it was denying her bodily injury claim on the grounds that Plaintiff had not been injured as a result of the accident with American Family's insured.  In its motion for summary judgment, American Family presented evidence that its claims adjustor intended to offer a settlement at the time the settlement letter was written, and did so, but that circumstances changed.

Fraud may be inferred from circumstantial evidence.  *Frontier Exploration, Inc. v. American Nat. Fire Ins. Co.*, 849 P.2d 887 (Colo. App. 1992).  However, in response to a motion for summary judgment, Plaintiff must present more than "mere assertions and

2

conjecture" or "a scintilla of evidence" in support of her position to demonstrate a genuine issue of material fact; "an issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant." *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1192 (10th Cir. 2006) (citations omitted). In her motion to amend and supporting reply brief, Plaintiff contends that she has new evidence, consisting of other claims involving American Family insured drivers. Specifically, Plaintiff asserts that an identical letter was sent to "hundreds of claimants" but that in "some" cases, American Family did not settle the claim. As evidence, however, Plaintiff submits documents relating to a handful of other claimants (approximately seven) in which claims were denied. In addition, she submits the affidavit of her attorney's investigator, who asserts that he reviewed 1200 claims files, of which 260 included a letter identical to that sent to Plaintiff. Twenty four of the 260 cases were denied for a variety of reasons, including fault, injuries not caused by the accident, and no medical coverage. Also included is an affidavit from Plaintiff's attorney containing hearsay accounts of letters and reasons for denials concerning two claimants. Plaintiff contends these other cases show an "institutional intent" to publish "very specific promises," gain claimants' cooperation thereby, and then to use the information thus obtained to support denying the claims, thus demonstrating "fraudulent intent."

Even if all of Plaintiff's purportedly "new" evidence was admissible, which it is not, Plaintiff offers evidence demonstrating that a small minority of claims involving identical letters were apparently not settled for a variety of different reasons. Most of these claims involve factual circumstances that differ from Plaintiff's and are not probative of American

3

Family's intent with regard to Plaintiff. Plaintiff appears to base most of her arguments on the assumption that the letter contained an unconditional promise to pay all costs to the satisfaction of the claimant, rather than what could be construed as a conditional promise to offer a settlement to cover medical expenses and other costs arising from the accident.[2] Plaintiff's argument seems to be that American Family's investigation of claims, including the occasional use of engineering consultants to evaluate the impact of low-speed collisions, demonstrates that American Family never intended to make an offer of settlement. This position is unsupported by the alleged promise contained in the letter, which does not preclude investigation.

Even the cases that follow a similar path as Plaintiff's, including a letter, offer(s), and subsequent engineering investigation and withdrawal of previous offers do not support Plaintiff's intent argument. These cases show decisionmaking based on events as they occur, not a fixed outcome; moreover, the denials do not appear to be based on information obtained as a result of the claimants' release of medical information. Plaintiff's evidence, even construed in the light most favorable to her, does not demonstrate an institutional pattern of previously-formed intent not to make offers of settlement, but rather routine investigation of claims resulting in offers of settlement to some claimants and not

---

[2]Plaintiff's claims regarding the nature of the alleged promises in the letter have been evaluated only by the standard of a motion to dismiss. In my order concluding that Plaintiff's claims were not dismissible on their face (doc no 73), I noted that the promise was ambiguous but at most "the language in the letter also lends itself to an interpretation that American Family promised to offer" a payment to settle Plaintiff's claims.

4

to others.[3] Plaintiff's argument is pure conjecture and is not sufficient to create a genuine issue of fact that American Family did not intend to make a settlement offer to her regarding "necessary and reasonable medical care which is solely related to this accident."

Accordingly, it is ordered:

1. Plaintiff's Motion to Amend Order Regarding Summary Judgment Re: Fraud Claim (doc no 154) is denied.

DATED at Denver, Colorado, on February 1, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge

---

[3]Plaintiff's evidence demonstrates that at least one other claimant was offered a settlement for lost wages, but apparently rejected it.