IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-02311-WDM-MEH

KATHERINE KAUFMAN,

Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Defendant.

---

**ORDER ON PENDING MOTIONS**

---

Miller, J.

This matter is before me on Plaintiff's Second Motion to Amend/Correct/Modify Amended Complaint (doc no 224) and Magistrate Judge Michael E. Hegarty's recommendation on the motion (doc no 274), Plaintiff's Motion for Class Certification (doc no 225), Defendant's Motion for Sanctions (doc no 228), Defendant's Motion to Strike Reply to Response to Motion for Class Certification (doc no 276), Plaintiff's Motion to Remand to State Court (doc no 282), and Plaintiff's Motion to Stay (doc no 283). All motions are opposed by the other party. For the reasons set forth below, the motions will be denied and granted as follows.

Background

Plaintiff was involved in an automobile accident with a driver insured by American Family. At issue is the effect of a letter from an American Family claims adjuster Jinalyn Fretheim ("Fretheim") to Plaintiff, which contained the following statements:

> While your injury claim includes consideration of necessary and reasonable medical care which is solely related to this accident and based on charges that are usual and customary, payment is not made until you are ready to settle.
> * * *
> After you have concluded treatment, we will offer you a lump sum payment. This is inclusive of medical bills, loss [sic] wages and compensation for pain and suffering. The timing of that settlement is up to you. I look forward to being able to help you through a difficult time.

Exhibit C to Motion for Summary Judgment (doc no 72-4).

In this lawsuit, Plaintiff asserted, *inter alia*, claims of breach of contract and fraud, alleging that at the time of the promise, American Family did not intend to offer a "lump sum payment" as described in the letter. After offering Plaintiff several sums in settlement, American Family withdrew all offers around April 2005 and informed Plaintiff it was denying her bodily injury claim on the grounds that Plaintiff had not been injured as a result of the accident with American Family's insured. I denied American Family's Motion to Dismiss, concluding that the alleged promise was ambiguous but at most "the language in the letter also lends itself to an interpretation that American Family promised to offer" a payment to settle Plaintiff's claims. Order on Motion to Dismiss (doc no 73). I granted summary judgment in favor of American Family on Plaintiff's fraud claim. Order on Partial Motion for Summary Judgment (doc no 151).

## Discussion

### 1. Recommendation on Second Motion to Amend (doc nos 224, 274)

Plaintiff sought leave to amend to add two new claims (Colorado Consumer Protection Act ("CCPA") and negligent misrepresentation), a claim for exemplary damages,

and to add six new plaintiffs/class representatives. Magistrate Judge Hegarty recommends denying Plaintiff's motion to add a CCPA claim on the grounds of futility but recommends allowing Plaintiff's complaint to be amended with the negligent misrepresentation claim and the claim for exemplary damages. He also recommends denying Plaintiff's motion to the extent she seeks to add new plaintiffs. Plaintiff provided evidence of the circumstances of these proposed plaintiffs in her Motion to Amend Order on Partial Summary Judgment (doc no 154). As noted by Magistrate Judge Hegarty and as I concluded in my Order resolving that motion (doc no 279), although these individuals received identical letters as Plaintiff, thereafter each proposed plaintiff had different communications with American Family and the claims were not resolved for a variety of different reasons.

Plaintiff filed an objection to the portion of the recommendation denying her requested amendment to add plaintiffs and therefore is entitled to *de novo* review on this issue. 28 U.S.C. § 636(b). American Family did not object to the recommendation.

I agree with Magistrate Judge Hegarty that the claims of the proposed additional plaintiffs are too factually distinct for them to be added at this stage of the litigation. Plaintiff argues that Magistrate Judge Hegarty applied the wrong legal standard. Plaintiff's cited case law does not persuade me that there was legal error. A party seeking joinder of claimants under Rule 20 must establish: 1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and 2) some question of law or fact common to all persons seeking to be joined. See Fed.R.Civ.P. 20(a). The claims of the proposed plaintiffs do not arise out of the same transaction or occurrence or

series of occurrences, as they all involve different accidents, different injuries, different time frames, communications with different representatives of American Family, and different reasons for the failure to come to a settlement. I do not discern that significant judicial efficiencies will result from joining these plaintiffs in a single action, and, in light of the factual disparities, I have little concern that there will be inconsistent outcomes if the proposed plaintiffs file separate actions. Accordingly, I will overrule Plaintiff's objections with respect to this portion of the recommendation and accept the recommendation in its entirety.

2. Motion for Class Certification (doc no 225)

Plaintiff moves for class certification pursuant to Fed. R. Civ. P. 23(b)(2) to obtain declaratory and injunctive relief. Rule 23(a) sets forth the following prerequisites for a class action: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. In addition, a party seeking to litigate a case as a class action must then satisfy one of the subsections of Rule 23(b).

Plaintiff's proposed class definition is as follows: Persons who (1) were involved in a motor vehicle accident with an insured of Defendant; or who purchased uninsured/underinsured motorist coverage from the Defendant and were involved in an accident with an uninsured or underinsured driver; (2) who received a letter from the Defendant during or after December, 2003 that included promises, representations, and

requests for information identical or similar to those in the form letter [received by Plaintiff]; (3) who provided privileged and/or other information to the Defendant, and/or refrained from hiring counsel or timely performing an accident investigation; and (4) whom the Defendant has not compensated or helped as promised. Motion for Class Certification at 4-5.

Leaving aside the issue of numerosity for the moment, which is highly disputed between the parties, I conclude that a class action is not appropriate for the same reasons that I deny Plaintiff's request to join additional plaintiffs – i.e., the claims are so factually distinct that, other than the letter, there are almost no common questions of fact. Moreover, I agree with Defendant that there is no defined "class" because determination of the merits of each person's claim will be required to decide whether they are a member. *Davoll v. Webb,* 160 F.R.D. 142, 144 (D. Colo. 1995) ("the requirement that there be a class is not satisfied unless the description of it is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member").

As I noted in my Order on Plaintiff's Motion to Amend Order on Summary Judgment, "Plaintiff appears to base most of her arguments on the assumption that the letter contained an unconditional promise to pay all costs to the satisfaction of the claimant, rather than what could be construed as a conditional promise to offer a settlement to cover medical expenses and other costs arising from the accident." Thus, Plaintiff's argument seems to rest on the assumption that any claimant who received the same letter as Plaintiff but failed to receive a settlement offer that satisfied that claimant should be a member of

the class and get as relief the enforcement of Defendant's "promise." The reality is not as simple as this formulation.

Instead, as I have previously pointed out, the alleged promise in the letter is ambiguous and could be construed as an unenforceable promise to come to an agreement in the future or as a promise to offer a lump sum amount for medical expenses and other costs reasonably arising from the alleged accident. Individual fact-finding will be required for each proposed class member to determine whether the ambiguous promise resulted in an enforceable contract, as it will be necessary to determine whether the claimants acted in reliance on the letter or otherwise took some act to their detriment (that they would not have otherwise taken) that could qualify as consideration. Moreover, as demonstrated by Plaintiff's motion and her previous motions containing allegations regarding the other claimants, there were a variety of reasons for American Family's refusal to offer a settlement or withdrawal of settlement offers (or other basis for failure to settle). Some of Plaintiff's proposed class members even obtained settlements with American Family, but only after obtaining legal counsel. Even for those proposed class members whose facts parallel Plaintiff's, individual fact finding will be required to determine the "necessary and reasonable medical care which is solely related to this accident" and whether any offers conveyed by American Family were in settlement of such costs. None of the efficiencies of a class action can be achieved with such disparate and individualized factual and legal determinations.

Moreover, from the evidence presented by Plaintiff in connection with this motion and her previous motions, it appears that it is unlikely she can demonstrate that the class

is so numerous that joinder of all members is impractical. Plaintiff's evidence is that a handful of claims involving the same letter as Plaintiff's failed to resolve, and that few of those cases involved facts similar to hers.

In addition, I agree with Defendant that, even if Plaintiff could satisfy the prerequisites of Rule 23(a), she cannot demonstrate that she satisfies the requirements of Rule 23(b)(2). Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." As discussed, Plaintiff cannot reduce Defendant's conduct to simply failing to honor its "promise." Rather, as discussed, even if an enforceable promise is found, Defendant performance or failure to perform appears to be highly individualized, involving different communications and different reasons for the failure to compensate the claimant, and is not "generally applicable."

In her reply brief, Plaintiff raises for the first time a request to certify the class under Fed. R. Civ. P. 23(b)(3). Defendant seeks to strike the brief (doc no 276), which I will deny. Had Plaintiff properly moved to certify the class pursuant to Rule 23(b)(3), the motion would be easily denied on the merits. Rule 23(b)(3) applies when "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." As discussed above, it is clear that any questions of law or fact common to class members do not predominate and a class action is not a superior method of adjudicating the issues in this

case. *See Kohn v. Am. Hous. Found., Inc.,* 178 F.R.D. 536, 543-44 (D. Colo. 1998) (Rule 23(b)(3) certification is inappropriate where the bases for various claims are individualized).

3. Defendant's Motion for Imposition of Sanctions (doc no 228)

American Family seeks sanctions against Plaintiff and/or her counsel, Silvern Law Offices, P.C., for counsel's use of confidential information obtained from American Family's claims files to contact and solicit potential plaintiffs. The relevant facts are in large part undisputed. Plaintiff filed a motion to compel (doc no 107) to obtain information relating to the numerosity component of the proposed class action. American Family objected but upon order of the Court produced claims files for Plaintiff's review. A stipulated protective order (doc no 142) was entered; in the motion seeking the protective order (doc no 138), the parties specifically identified the purpose of the review to be determination of the number of individuals who received the same letter as Plaintiff and could be class members.[1] The protective order provides that "documents and files related to other claimants shall be considered confidential in their entirety," that the confidential documents were not to be disclosed, and that they were not to be used for any purpose other than pre-trial preparation and trial of this case only.

Plaintiff's counsel does not deny that representatives of the Silvern Law Offices copied contact information of other claimants in the course of the claims file review. Jennifer Hicks, an attorney from the firm, then telephoned thirteen of these individuals.

[1]For example, the motion states, "Plaintiff desires to inspect the documents to determine whether the numerosity component for certifying a class action is present." Stipulated Motion for Protective Order (doc no 138) at 1.

The content of the telephone calls varied, but in nearly all cases the attorney asked about the claimant's accident and informed the individual of the Plaintiff's pending action. There is evidence that Ms. Hicks asked if the claimant wanted to participate in the lawsuit and related that the Silvern Law Offices could represent the claimant. In some cases, the claimant set up an in-person meeting with Plaintiff's counsel and arranged for representation in that meeting. The record indicates that attorney Steven Silvern was also involved or directed these activities. In the case of one claimant, H.L., Ms. Hicks told H.L. that there could be a statute of limitations problem and suggested that if H.L. did not like her attorney, she could switch to the Silvern Law Offices. In a telephone call to another claimant, Ms. Hicks may have said something along the lines that American Family had no intention of paying on the claimant's accident. Six of the thirteen individuals contacted in this manner retained the Silvern Law Offices and signed contingency fee agreements; most testified in their depositions that before the call from Plaintiff's counsel, they were not actively pursuing litigation against American Family or had no intent to do so and had no previous relationship with Plaintiff's counsel.

American Family argues that this conduct amounts to an abuse of discovery and a violation of the protective order. Moreover, American Family argues that counsel's direct telephone solicitation of these individuals violates Colorado Rule of Professional Conduct 7.3(a), which provides that "A lawyer shall not either in-person or by live telephone contact, solicit professional employment from a prospective client with whom the lawyer has no family or prior professional relationship where a significant motive for the lawyer's doing so is the lawyer's pecuniary gain." American Family also references the American Bar

Association Formal Opinion 07-445, which expressly opines that the prohibition of Rule 7.3 is not modified where a suit is filed as a class action. Defendant seeks as sanctions disqualification of Plaintiff's counsel, striking Plaintiff's motion, treating Plaintiff's counsel's conduct as contempt of court, ordering return of information, preventing further review of claim files, and/or awarding American Family its reasonable attorney's fees.

In response, Plaintiff and/or her counsel argue that they acted in good faith on reliance on an Official Comment to Rule 7.2, which states that neither Rule 7.2 or 7.3 "prohibits communications authorized by law, such as notice to class members of a class in class action litigation." In addition, they contend that the First Amendment and other principles permit pre-certification contact with potential class members. *See, e.g., Kennedy v. United Healthcare of Ohio, Inc.,* 206 F.R.D. 191, 197 (S.D. Ohio 2002).

I conclude that Plaintiff's counsel's conduct violated the protective order and constituted an abuse of the discovery process. Contacting claimants using information from American Family's claims files, which had been produced for the limited purpose of discerning the viability of the class action, clearly violated counsel's obligation to keep such information "confidential." Moreover, this was not a legitimate "pre-trial or trial" use of the information. Plaintiff's counsel, who claims to be adequate to represent the class, surely is aware that notice to potential class members, after a class is certified, is prepared and issued in accordance with orders of the court. Fed. R. Civ. P. 23(c)(2). I disagree with Plaintiff that the alleged "safe harbor" for communications such as notice of a class action permits solicitation otherwise prohibited by Rule 7.3. Moreover, while solicitation of potential class members is not improper *per se*, particularly when done through "printed

advertising containing truthful and nondeceptive information and advice regarding the legal right of potential claimants," *see Kennedy, supra,* 206 F.R.D. at 197, it is another matter when such solicitation violates orders of the court and/or other rules of ethical conduct. I note too that there is a significant difference between notifying potential class members of a pending action, including the desire to act as *class* counsel, and individually soliciting additional named plaintiffs to sign contingency fee agreements.

Moreover, I disagree with Plaintiff that this matter is governed by *Gulf Oil v. Bernard*, 452 U.S. 89 (1981). *Bernard* involved a court order limiting communication with the class members, which the United States Supreme Court deemed to be overbroad and unjustified by the facts presented. 452 U.S. at 101 ("[A]n order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties."). Here, the issue is the proper use of information obtained from Defendant's confidential claims files, particularly in light of the limited purpose of the disclosure and the protective order stipulated by both parties. Although it might be proper at some point for such information to be used for communication of some type, such as a letter or written notice approved by the Court, *Bernard* does not mean that an attorney in a potential class action has *carte blanche* to initiate any kind of contact and to solicit new clients by telephone.

Moreover, I disagree with Plaintiff that counsel's conduct amounted to merely "interviewing witnesses" or giving notice of the lawsuit, which might be permitted under the protective order. The evidence indicates that the primary purpose of the telephone calls

was to solicit additional named plaintiffs; the deposition testimony demonstrates that there was little interviewing about the claimant's case and that many of the salient facts were already in the claims file.

I will impose a sanction based on the abuse of discovery rules and protective order. Whether Plaintiff's counsel's conduct violated the Rules of Professional Responsibility and/or whether Plaintiff justifiably believed that the exception for "communications authorized by law" should mitigate such a violation is more properly addressed by this Court's Committee on Conduct. I conclude there is sufficient evidence of a violation to justify a referral to the Committee and I will make such a referral.

I have inherent authority and authority under Fed. R. Civ. P. 37(b)(2) to impose sanctions for discovery violations. I must consider the purpose to be served by the imposition of sanctions, including deterring future litigation abuse, punishing present litigation abuse, compensating victims of litigation abuse, and streamlining court dockets and facilitating case management. *White v. General Motors Corp., Inc.,* 908 F.2d 675, 683 (10th Cir. 1990). I consider Plaintiff's counsel's conduct to be willful and deserving of some punishment, particularly in light of the concerns expressed by American Family about the use of its claims file information, the stipulated protective order, and the existing ethics Rule that prohibits similar conduct. In addition, I conclude that Defendant has incurred significant costs as a result of Plaintiff's counsel's solicitation and attempts to expand the scope of the litigation, which should be compensated.

Because I will deny Plaintiff's motion for joinder and motion for class certification, striking or denying these motions is unnecessary and serves no purpose. I note that

sanctioning a party can have a prophylactic effect in deterring litigation abuse; here, however, there is no evidence that Plaintiff herself engaged in any wrongful conduct. Therefore, I will not sanction Plaintiff or disqualify Plaintiff's counsel from continuing to represent Plaintiff, as taking away her choice of counsel may cause her prejudice. I do not opine as to whether I would disqualify the Silvern Law Offices from representing the other proposed claimants/plaintiffs as they are not parties in this action. I conclude, however, that American Family has incurred significant legal fees as a result of Plaintiff's counsel's improper contacting and soliciting additional parties, including additional discovery to determine the nature of Plaintiff's counsel's communications with claimants and the cost of this motion. As indicated, there is no substantial justification or other circumstance excusing counsel's violation of the protective order to make an expense award unjust. Accordingly, Ms. Hicks, Mr. Silvern, and the Silvern Law Offices (as well as any other individual attorneys who were actively involved in these events) will be ordered pursuant to Rule 37(b)(2) to pay the legal fees and costs incurred by Defendant for the depositions of the claimants contacted by Plaintiff's counsel and preparation of the Motion for Sanctions and reply brief. Finally, these actions do not preclude further consideration of an order to show cause why counsel should not be held in contempt.

4. Plaintiff's Motion to Remand to State Court (doc no 282), and Plaintiff's Motion to Stay (doc no 283)

Plaintiff also has moved to remand or stay this case. Plaintiff argues that it does not appear at this time that the amount in controversy does not exceed $75,000, a prerequisite for a diversity case under 28 U.S.C. § 1332. The amount in controversy for

the purposes of diversity jurisdiction is determined at the time of removal. *Pfeiffer v. Hartford Fire Ins. Co.,* 929 F.2d 1484 (10th Cir. 1991). I conclude that at the time of removal, the allegations in the complaint and Defendant's notice of removal satisfied Defendant's burden to show the amount in controversy. Plaintiff sought medical costs, as well as lost wages and non-economic damages. Plaintiff asserted tort claims that could have entitled her to exemplary damages and also sought attorneys' fees.[2] At this time and with the resolution of Plaintiff's motions, this is a single plaintiff contract and negligence dispute. It appears unlikely that Plaintiff will recover an amount in excess of $75,000 if she prevails, but that fact does not divest this Court of jurisdiction or require remand. *See, e.g., Purple Passion, Inc. v. RCN Telecom Serv., Inc*., 406 F. Supp. 2d 245, 246 (S.D.N.Y. 2005) (events occurring after removal that reduce the amount in controversy, including action by the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, that reduces the claim below the requisite amount for removal, does not deprive the district court of jurisdiction) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) and collecting cases). Accordingly, the Motion to Remand to State Court is denied.

Plaintiff also seeks a stay pending resolution of the Motion to Remand. Since I

[2]Moreover, after the case was removed, several orders issued from this Court rejecting the use of the Colorado state court's Civil Cover Sheet as a means of establishing the amount in controversy. At the time, however, the Court's practice in this regard was not yet established.

have ruled on the issue, a stay is unnecessary and the motion is moot.

Accordingly, it is ordered:

1. Magistrate Judge Michael E. Hegarty's recommendation (doc no 274) is accepted. Plaintiff's Second Motion to Amend/Correct/Modify Amended Complaint (doc no 224) is granted in part and denied in part. Plaintiff may amend her complaint to include a claim for negligent misrepresentation and to seek exemplary damages. The motion is denied in all other respects.
2. Plaintiff's Motion for Class Certification (doc no 225) is denied.
3. Defendant's Motion for Sanctions (doc no 228) is granted in part and denied in part. Jennifer Hicks, Steven Silvern, and the Silvern Law Offices (as well as any other individual attorneys who were actively involved in these events) shall pay, jointly and severally, the legal fees and costs incurred by Defendant for the depositions of the claimants contacted by Plaintiff's counsel and preparation of the Motion for Sanctions and reply brief. Defendant's counsel shall submit an affidavit itemizing the fees and costs in compliance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and my Trial Procedures within twenty days of the date of issuance of this order. Plaintiff's counsel may file objections within ten days of the filing of the affidavit.
4. Defendant's Motion to Strike Reply to Response to Motion for Class Certification (doc no 276) is denied.
5. Plaintiff's Motion to Remand to State Court (doc no 282) is denied.

6. Plaintiff's Motion to Stay (doc no 283) is denied as moot.

DATED at Denver, Colorado, on April 21, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge