IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02311-WDM-MEH

KATHERINE KAUFMAN,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

---

## ORDER ON PLAINTIFF'S MOTION FOR RELIEF
---

Before the Court is Plaintiff's Motion for Relief from Protective Order [Docket #296]. The matter has been referred to this Court for resolution [Docket #297]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants in part and denies in part** the Motion for Relief from Protective Order.

This Court entered a Stipulated Protective Order on June 12, 2007. Dock. #142. In so doing, the Court ordered that documents produced under the Protective Order "may not be used for any purpose whatsoever, except for pretrial preparation and trial of this case and only this case." *Id.* at ¶ 2. The Order further provides "[t]hat all copies of the documents covered by this Order shall be returned to American Family's counsel, Lambdin & Chaney, LLP, within 30 days of the conclusion of this case." *Id.* at ¶ 5. Despite this Stipulated Protective Order, Plaintiff's counsel copied the contact information from claimants' files reviewed pursuant to the Stipulated Protective Order and contacted these individuals to discuss their claims and determine whether they wished to participate in this lawsuit. After Defendant filed a Motion for Imposition of Sanctions for violating the Protective Order, Judge Miller found that "Plaintiff's counsel's conduct violated the protective order

and constituted an abuse of the discovery process." Dock. #291 at 10. Judge Miller concluded, "Contacting claimants using information from American Family's claims files, which had been produced for the limited purpose of discerning the viability of the class action, clearly violated counsel's obligation to keep such information 'confidential.' Moreover, this was not a legitimate 'pre-trial or trial' use of the information." *Id.* For this reason, Judge Miller granted in part Defendant's Motion and sanctioned counsel for Plaintiff.

Counsel for Plaintiff now seeks relief from the Stipulated Protective Order to allow him to discuss the confidential information he received from Defendant with the individuals he contacted. Because six of the claimants signed contingency fee agreements with counsel for Plaintiff and have an attorney/client relationship with him, counsel requests that the Stipulated Protective Order be modified to allow him to advise these individuals as to their options of seeking relief. Counsel contends:

> Relief from the Protective Order is necessary before Plaintiff's counsel can communicate with these individuals regarding such "other" potential cases and complaints, as the Protective Order only excludes, by its terms, communications regarding "this" case from its prohibitions regarding the use of the information gleaned in discovery. Counsel are mindful of the Court's indication, in the Sanctions Order, that it may consider holding them in contempt. In that Order, the Court declined to rule on whether to disqualify counsel from representing Claimants, indicating its lack of jurisdiction over the Claimants. The Court, however, retains jurisdiction over counsel. Accordingly, and without abandoning their contention that the First and Fifth Amendments to the U.S. Constitution would be violated if they were sanctioned for such communications or held in contempt, Plaintiff's counsel respectfully requests the Court explicitly grant permission to advise the above-named non-Plaintiffs herein regarding their options of seeking relief, individually or together, from the Courts and agencies of the State of Colorado; that Judge Miller's sanctions Order (notwithstanding counsel's disagreement therewith) may cast a cloud over counsel's representing them and they should consult with another lawyer; and that should they thereafter desire, counsel would be willing to represent them before Colorado Courts and/or Agencies.

Motion at ¶ 4.

In Response, Defendant argues Plaintiff's counsel should not be allowed to have *ex parte* communications with these individuals, even though they have now established an attorney/client relationship with Plaintiff's counsel. Defendant also recognizes that the issue of disqualification of Plaintiff's counsel in representing these individuals is an open question, and that Judge Miller determined that this Court does not have jurisdiction over those individuals who were not allowed to join this lawsuit.

Pursuant to the terms of the Stipulated Protective Order, the Order "may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity to be heard." Dock. #142 at ¶ 7. Thus, the question presented is whether Plaintiff has established good cause for modification of the Stipulated Protective Order. This Court can hardly consider counsel for Plaintiff's conduct, for which they were sanctioned and referred to this Court's Committee on Conduct, as good cause for the modification. Counsel has placed himself in a precarious situation, insofar as he contends that advising his other clients, the six claimants, will violate the terms of the Stipulated Protective Order.

In this unusual circumstance, the Court believes the best course of action is to allow counsel to advise his clients appropriately "regarding their options of seeking relief, individually or together, from the Courts and agencies of the State of Colorado; that Judge Miller's sanctions Order (notwithstanding counsel's disagreement therewith) may cast a cloud over counsel's representing them and they should consult with another lawyer; and that should they thereafter desire, counsel would be willing to represent them before Colorado Courts and/or Agencies." Motion at ¶ 4. Nevertheless, the documents from which counsel gleaned this information, that is the claims files for these individuals, remain subject to the Stipulated Protective Order. While it is entirely possible

3

that these files will be produced in discovery should any of these individuals file suit against Defendant, good cause has not been shown to allow counsel for Plaintiff to use these documents for any purpose other than this lawsuit.

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Relief from Protective Order [Filed May 30, 2008; Docket #296] is **granted in part and denied in part** as specified herein.

Dated at Denver, Colorado, this 20th day of June, 2008.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge