IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 05-cv-02311-WDM-MEH

KATHERINE KAUFMAN,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

**ORDER ON MOTION TO PROHIBIT *EX PARTE* CONTACTS AND OBJECTIONS TO AFFIDAVIT IN SUPPORT OF ATTORNEYS' FEES**

Miller, J.

This matter is before me on Plaintiff's Motion for Order Prohibiting *Ex Parte* Communication by the Defendant and its Counsel with the Court and for Sanctions (doc no 313) and Plaintiff's Counsel's Objection Re: Sanctions and Affidavit of Attorney Fees and Costs (doc no 297). For the reasons set forth below, Plaintiff's motion will be granted in part and denied in part and Plaintiff's counsel's objections to the sanctions and affidavit of attorney fees are overruled in part and accepted in part.

Background

The merits of the underlying action, a dispute between Plaintiff and an insurance company regarding coverage for a car accident involving Defendant's insured, have been resolved but matters concerning the parties' attorneys remain outstanding. In the course of the litigation, I imposed sanctions on Plaintiff's attorneys for obtaining information from Defendant's case files produced for the purpose of determining numerosity in the class

action certification process and then contacting insurance claimants by telephone to solicit additional plaintiffs.  See Order on Pending Motions (doc no 291).  I concluded that this conduct may have violated the Colorado Rules of Professional Conduct and originally intended to refer Plaintiff's counsel to this Court's Committee on Conduct.  In addition, I determined that counsel had violated a protective order, which required Plaintiff and Plaintiff's counsel to keep the case file information confidential.  I ordered Plaintiff's attorneys to pay the fees and costs incurred by Defendant in conducting discovery on this abuse and in preparing a motion for sanctions.  Defendant's counsel submitted an affidavit regarding these fees (doc no 292).  In their response (doc no 297), Plaintiff's counsel object to certain itemized portions of the affidavit but primarily dispute the award of sanctions in general, arguing that the court does not have the inherent power to prevent or sanction them for contacting prospective class members before class certification.

Plaintiff's counsel now seek sanctions against Defendant's attorneys for an unrelated incident.  After the parties agreed to a settlement, they were ordered by Magistrate Judge Michael E. Hegarty to submit dismissal papers on or before August 20, 2008.  Just before this due date, Defendant's attorney, Sean Chase, raised concerns with Plaintiff's counsel about the court retaining jurisdiction over the sanctions dispute if the underlying case were dismissed.  Instead of researching the issue, which would have revealed that jurisdiction would not be lost over the pending objections to the sanctions order despite dismissal of Plaintiff's underlying dispute, Mr. Chase proceeded to contact Magistrate Judge Hegarty's law clerk *ex parte* by telephone.  The nature of the communication is unclear, although it was apparently brief.  Mr. Chase avers in an affidavit that he merely wished to inform chambers that the parties might file a status report rather than a dismissal in order to

ensure jurisdiction was retained. In an email to Plaintiff's counsel the same day, however, Mr. Chase stated that he had spoken to "Hegarty's clerk Christina and it has been suggested that we file a joint status report as opposed to a stipulation to dismiss," which raises the possibility that he may have solicited advice from Magistrate Judge Hegarty's law clerk on how to preserve the court's jurisdiction after dismissal of Plaintiff's lawsuit. Plaintiff's counsel now seek an order prohibiting "any further *ex parte* communications regarding any aspect of the pending sanctions issue, and any related jurisdictional issue" as well as sanctions for Mr. Chase's alleged violation of D.C.Colo.L.Civ.R. 77.2.

Discussion

1. Objections to Sanctions Order and Affidavit of Attorneys' Fees

Counsel for Defendants submitted an affidavit of attorneys' fees and costs, amounting to a total of $25,530.96. Plaintiff's counsel concede that $22,372.46 of this amount is properly attributed to discovery and motions relating to the unauthorized use of confidential discovery material to solicit clients. Plaintiff's counsel, however, continue to object to the imposition of sanctions. Citing *Coles v. Marsh,* 560 F.2d 186 (3rd Cir. 1977), they argue that a district court does not have power to impose any restraint on communication for the purpose of preventing recruitment of additional parties or solicitation of financial support for the action. Plaintiff's counsel also disagree that they violated the protective order governing discovery in this case.[1]

---

[1] Plaintiff's counsel further disagree with my conclusion that there is evidence that they violated Rule 7.3 of the Colorado Rules of Professional Conduct, which prohibits telephone solicitation by attorneys. Although I originally intended that I would refer this portion of the sanctions issue to the Court's Committee on Conduct, upon reflection, I conclude that any complaint should be filed by Defendant in order to avoid any undue influence in the discipline process.

I conclude that Plaintiff's cited case law is inapposite. *Coles* involved a district court's order prohibiting outright certain communications in a proposed class action employment case. The court specifically noted that concerns about solicitation of potential class members is a matter of professional ethics, which is hardly an endorsement of such conduct. 560 F.2d at 189. Moreover, *Coles* predates *Gulf Oil v. Bernard*, 452 U.S. 89 (1981), in which the United States Supreme Court defined the parameters of a court's power to limit pre-certification communications with prospective class members, but did not prohibit such limitations completely. 452 U.S. at 101 ("[A]n order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties.").

Moreover, I imposed sanctions against Plaintiff's counsel specifically pursuant to Fed. R. Civ. P. 37. *Coles* did not involve abuse of the discovery process, as this case does. Plaintiff's counsel argue again, despite my previous rejection of this argument, that the protective order permitted documents obtained in discovery to be used for "pre-trial preparation and trial of this case," including contacting witnesses and potential class members. Plaintiff's counsel, however, ignore the protective order's additional requirement that the case files and information contained therein were required to be kept "confidential" and not disclosed. Using documents produced by Defendant for the limited purpose of determining numerosity to contact other claimants and solicit them for the lawsuit violates these requirements, as well as professional conduct rules. Accordingly, I decline to reconsider my sanctions order.

Given the lack of dispute that $22,372.46 is a reasonable amount for the fees and

4

costs incurred as a result of the conduct of Plaintiff's counsel, I will order Plaintiff's counsel (Jennifer Hicks, Steven Silvern, and the Silvern Law Offices, as well as any other individual attorneys who were actively involved in these events) to pay, jointly and severally, this amount to Defendant.

2.  Motion for Order Prohibiting *Ex Parte* Communication

Plaintiff contends that Defendant's counsel violated the local rules of this court and an ethical rule by communicating *ex parte* with Magistrate Judge Hegarty's law clerk. D.C.Colo.L.Civ.R. 77.2 states that no attorney or party "shall contact orally a judicial officer regarding any case by telephone . . . unless all other parties in the matter, or their attorneys, are present or on the telephone." Rule 3.5 of the Colorado Rules of Professional Conduct also provides that a lawyer shall not "seek to influence a judge . . . by means prohibited by law" or "communicate *ex parte* with such person except as permitted by law." In response, Defendant's counsel argues that Magistrate Judge Hegarty's law clerk was not a "judicial officer" or judge and so no violation occurred.

I consider chamber's staff, including law clerks, to be an extension of the judicial officer and to be covered by these rules. To the extent that communications concern routine matters of scheduling or administration, *ex parte* communications with law clerks and judicial assistants are permitted. *See, e.g.,* ABA Code of Judicial Conduct, Rule 2.9(A)(1) ("When circumstances require it, *ex parte* communication for scheduling, administrative, or emergency purposes, which does not address substantive matters, is permitted, provided: (a) the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the *ex parte* communication; and (b) the judge makes provision promptly to notify all other parties of the substance of the *ex parte*

5

communication, and gives the parties an opportunity to respond."). However, *ex parte* communications relating to the merits of a pending case or efforts to influence or learn the judge's mind are most definitely improper.

Here, construing the facts in the light most detrimental to Mr. Chase, the inquiry appears to have touched on both matters of administration and substantive procedure, specifically the issue of how best to preserve the court's jurisdiction. Although not as egregious as an attempt to influence a decision in a pending case, such discussion crossed the line into substance. *See, e.g., In re Jonathan S.*, 88 Cal App. 3d 468, 151 Cal. Rptr. 810 (1979) (*ex parte* communication between judge and district attorney regarding judge's authority to grant rehearing did not go to merits of case or prejudice minor defendant; nonetheless, "unauthorized *ex parte* contacts of whatever nature erode public confidence in the fairness of the administration of justice, the very cement by which the system holds together"); *In re Eannelli's Estate*, 269 Wis. 192, 68 N.W.2d 791, 803 (1955) ("[I]tems of procedure are frequently discussed informally by counsel and court, yet even as to such affairs, when they pertain to controversial matters, and although they concern only questions of form or procedure, counsel on both sides ought to be advised as to any discussion or communication had with the court regarding them.").

Given his concern about jurisdiction, the appropriate course would have been for Mr. Chase to simply research the issue, which would have revealed that dismissal of the underlying case would not remove my jurisdiction over the pending sanctions questions. However, the facts do not give rise to an inference that Mr. Chase attempted to influence a judicial officer or to gain an advantage regarding the content of orders or opinions not yet rendered. He made no secret of his concern about the effect of a dismissal and apprised

Plaintiff's counsel of his communication and of its purpose. Mr. Chase also attempted to arrange a telephone conference with Plaintiff's counsel and Magistrate Judge Hegarty's law clerk to discuss the matter before any document was filed. Plaintiff's counsel also has not identified any prejudice to Plaintiff or any other interested party.

Accordingly, it is ordered:

1. Plaintiff's Motion for Order Prohibiting *Ex Parte* Communication by the Defendant and its Counsel with the Court and for Sanctions (doc no 313) is granted in part and denied in part. Defendant's counsel is admonished for his apparent *ex parte* contact and prohibited from any further *ex parte* communications. Defendant's counsel shall pay Plaintiff the reasonable attorneys' fees incurred by her for the preparation of the Plaintiff's Motion for Order Prohibiting *Ex Parte* Communication (doc no 313) and reply brief. Plaintiff's counsel shall submit an affidavit itemizing the fees in compliance with the local rules of this court and my Trial Procedures on or before December 5, 2008. Defendant's counsel may file objections within 10 days of the filing of the affidavit. Plaintiff's motion is otherwise denied.

2. Plaintiff counsel''s objections (doc no 297) to the Affidavit in Support of Attorneys' Fees are overruled in part. Plaintiff's counsel's objection to $3,158.50 is accepted and this amount will be deducted from the total amount claimed by counsel for Defendants. Jennifer Hicks, Steven Silvern, and the Silvern Law Offices (as well as any other individual attorneys who were actively involved in these events) shall pay, jointly and severally, the legal fees and costs incurred by Defendant in the amount of $22,372.46

pursuant to my Order on Pending Motions (doc no 291).

DATED at Denver, Colorado, on November 19, 2008.

BY THE COURT:


s/ Walker D. Miller
United   States   Senior   District   Judge