IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 05-cv-02311-WDM-MEH

KATHERINE KAUFMAN,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

## ORDER ON MOTION FOR RELIEF FROM JUDGMENT

Miller, J.

This matter is before me on Plaintiff's Motion Under F.R.C.P. 60(b)(3), 60(b)(6) and 59(e) for Relief From, or to Alter, Judgment Dated November 19, 2008 (doc no 322). On November 19, 2008, I issued an order (doc no 321) resolving several outstanding issues relating to sanctions on counsel for both parties. Plaintiff now seeks another revision of my rulings on these issues.

I had previously ordered that Plaintiff's counsel be sanctioned for using confidential information contained in Defendant's claims files to contact by telephone and solicit potential clients in this matter. I concluded that this conduct was a violation of the protective order in this case as well as potentially a violation of the Colorado Rules of Professional Conduct. Plaintiff's counsel argues again in the instant motion that my sanction order was in error because the case files were produced not only for determining class action numerosity issues and that therefore Plaintiff's counsel did not violate the discovery order. It appears from the materials provided by Plaintiff's counsel that he

informed Defendant's counsel of his view that the information from the case files might also be used to prove "fraudulent intent, commonality, and typicality as well as numerosity." Had Plaintiff's counsel used the discovery for such purposes, I agree that this would not have violated the discovery order. However, Plaintiff's counsel has not provided any new evidence or argument that persuades me that his conduct, or that of his colleagues, was consistent with the requirement of the protective order to keep such information confidential or compliant with the ethical obligations of his office. Plaintiff's counsel's remaining arguments have already been raised in previous motions and I, again, decline to alter my order imposing sanctions on Plaintiff's counsel for this behavior.

Plaintiff's counsel also objects to the portion of my order finding that Defendant's counsel, Sean Chase, had violated D.C.Colo.L.Civ.R. 77.2 by communicating *ex parte* with Magistrate Judge Hegarty's law clerk concerning a jurisdictional question. I admonished Mr. Chase, prohibited further contacts, and awarded Plaintiff attorneys' fees incurred in filing the motion for sanctions. Plaintiff's counsel appears to object to my order because I did not order a full hearing on the matter and now questions whether this circumstance may give rise to a reasonable question about my impartiality pursuant to 28 U.S.C. § 455.

Plaintiff's counsel now argues that because of the single *ex parte* communication by Mr. Chase with Magistrate Judge Hegarty's clerk, it is reasonable to infer that other such communications occurred. I disagree. There is no indication of other improper contacts and I see no grounds for ordering discovery or a hearing on the matter. In addition, I was, and remain, satisfied with the record before me regarding the one incident that occurred. Plaintiff's counsel also appears to argue that the one improper communication creates the appearance of partiality on the part of Magistrate Judge Hegarty's clerk, which somehow

casts doubt on the reliability of orders that I have issued. Plaintiff's counsel's argument is unavailing. There is nothing to indicate partiality or even the appearance of partiality in the single communication, particularly since Mr. Chase has been admonished and sanctioned for this conduct.

Accordingly, it is ordered:

1. Plaintiff's Motion Under F.R.C.P. 60(b)(3), 60(b)(6) and 59(e) for Relief From, or to Alter, Judgment Dated November 19, 2008 (doc no 322) is denied.

DATED at Denver, Colorado, on April 2, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge