IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 05-cv-02311-RPM
(Civil Action No. 05-cv-02311-WDM-MEH)

KATHARINE KAUFMAN,

    Plaintiff,

v.

AMERICAN FAMILY INSURANCE COMPANY,

    Defendant.

_____

ORDER AWARDING ATTORNEY'S FEES
_____

The issue to be decided in this civil action (which was dismissed pursuant to a stipulation for dismissal) is the amount of attorney's fees to be awarded to the plaintiff, Katherine Kaufman, and to be paid by the defendant's counsel, Sean Chase, pursuant to the Order on Motion to Prohibit *Ex Parte* Contacts and Objections to Affidavit in Support of Attorney's Fees entered by Judge Walker Miller on November 19, 2008 (#321). That order considered the objections made by plaintiff's counsel to the imposition of attorney's fees as a sanction under Fed. R. Civ. P. 37 and ordered payment of $22,372.46 to defendant pursuant to an Order on Pending Motions (#291). The order also described the conduct of Sean Chase in making an *ex parte* communication with the magistrate judge's law clerk as an unrelated incident and made findings that appear to support the plaintiff's claim that Chase violated D.C.COLO.LCivR 17.2 and Rule 3.5 of the Colorado Rules of Professional Conduct, but no specific legal

conclusion to that effect was made. Judge Miller said that no prejudice had been identified. The relevant portion of the order reads as follows:

> Defendant's counsel is admonished for his apparent *ex parte* contact and prohibited from any further *ex parte* communications. Defendant's counsel shall pay Plaintiff the reasonable attorneys' fees incurred by her for the preparation of the Plaintiff's Motion for Order Prohibiting *Ex Parte* Communication (doc no 313) and reply brief.

As ordered, the plaintiff timely submitted an affidavit of Steven Silvern for fees in the amount of $18,082.50 (#323-1) to which the defense counsel filed an objection (#325) and plaintiff's counsel replied (#334). No ruling was made by Judge Miller before his departure from the court.

After assignment to me, a hearing was held on February 27, 2014. The plaintiff asks for an additional amount of $2,485.00 for the legal services related to that hearing, making the total requested amount $20,567.50. Defendant's counsel objected to any award and to the reasonableness of the request. In that response, it is suggested that Judge Miller's intent be determined. That, of course, is impossible.

Two things are apparent from the language used by Judge Miller in his order and by the Tenth Circuit Court of Appeals in affirming Judge Miller's denial of the plaintiff's request to conduct discovery concerning the *ex parte* communication. First, Mr. Chase's conduct was, at most, technically inappropriate. Second, it did not affect the plaintiff's position in this case, which had already been the subject of a settlement agreement.

There is no relationship between the Rule 37 sanction of the plaintiff's attorneys and the order directed to Sean Chase. The fee to be awarded is not to be determined by using the lodestar method commonly used in other fee-shifting circumstances. This

is a case of the use of a fee award to penalize a lawyer for a non-prejudicial violation of a local rule, which is, in my experience, unprecedented.

This reduction should not be considered as any criticism of plaintiff's counsel in filing the motion or any disagreement that such a filing required careful consideration and preparation; the motion included not only a criticism of counsel but also raised a concern about the administration of the court, itself.  To the extent that this reduction may be interpreted as an unfair denial of compensation for services performed for the benefit of the integrity of the judicial process, counsel are reminded that a matter of this type would more appropriately be the subject of a complaint to this court's Committee on Conduct, as Judge Miller noted in a footnote to his order.

Upon the foregoing, it is

ORDERED, that Sean Chase shall pay to Katherine Kaufman $2,500.00 to comply with Judge Miller's order awarding attorney's fees.

DATED: March 14th, 2014

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior Judge